In my opinion, the trial judge correctly found that the plaintiff is disabled as a result of the injury which he admittedly received on April 3, 1941. He was paid compensation for this disability for several weeks, and the record fails to show that he was able to return to his usual work at the time the payments were discontinued.
The admitted fact that plaintiff began to lose weight right after the accident, and within a period of four or five months lost some seventy pounds in weight, is not explained by any cause other than the physical and mental effect which the injury had on this man. The suggestion (or rather supposition) that a deranged mental condition was the cause of this unusual loss in weight, in my opinion, is not a satisfactory explanation. Nobody says that this man was insane or mentally deranged during this period of time when he was losing weight, although the record does show that he was very nervous, hyper-sensitive to pain, and was given to undue worry and a tendency to magnify and exaggerate his condition. Neither is there any intimation that this man is malingering, and if, as he claims, he is weak, has trouble walking on his left leg, cannot sleep well, has pain in his back and soreness, whether or not this condition is magnified in his own mind because of his nervous and hyper-sensitive temperament, he is still entitled to compensation, if the injury has so preyed on his mind and excited his nervous system as to cause him to over-emphasize the extent of the injury.
As we said in the case of Vaughn v. Solvay Process Company, La.App., 176 So. 241, if the physical condition resulting to an employee from an injury is of such a nature as to cause traumatic hysteria, making him believe that he suffers pain and cannot work for fear of increasing the pain, he is still entitled to compensation. We there quoted in support of our holding from 1 Schneider's Workmen's Compensation Law p. 609, Section 204a, as follows: "Even though an accident may not produce an anatomical pathology, nevertheless if the workman does in fact become disabled as a result of that accident, the injury is compensable, although such a disability may be the result of hysteria, and may be traceable to a mental condition and not a physical disorder".
In my opinion, that is exactly what has happened to the plaintiff in this case. The doctors who testified for the defendant could find no anatomical pathology to justify the pain and soreness of which plaintiff complains, the impairment of use in his left leg, his nervousness and loss of weight and consequent weakness, yet it is clear that these symptoms, even though mostly subjective, resulted from the hysterical attitude displayed by plaintiff toward the injury which he admittedly did receive.
Doctors Strother, Smith, Jones and Stephens expressed the opinion that the injury which plaintiff received could have so preyed on his mind and nerves as to cause a man of his hyper-sensitive temperament to lose weight and magnify the injury; that pain and shock in a neurotic person will intensify and exaggerate a physical injury. Dr. Cox, who examined plaintiff several times for the defendant, found plaintiff disabled due to marked weakness *Page 805 
and emotional instability. While this doctor stated that the minor injury which plaintiff received could not have in itself produced the marked disability, he could give no other explanation for the undue loss of weight. He further stated that he could find nothing in plaintiff's condition that he could attribute entirely and solely to the injury. To me this is an implied admission on the part of the doctor that the injury had something to do with plaintiff's condition. Of course, if the injury was a contributing factor, combined with a previous nervous condition and mental attitude, in producing plaintiff's disability, the injury would be compensable.
For these reasons, I think the plaintiff is entitled to compensation, and I therefore respectfully dissent from the majority opinion being handed down in this case.